IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| First Acceptance Insurance Company, Inc., ) ) ) Plaintiff, ) ) v. ) ) Bonnie Frye, individually and as the ) Personal Representative of the Estate of ) Michael Weaver, and Dnard Gadson, ) ) Defendants. ) _____ ) | Civil Action No. 2:23-cv-4715-BHH **Opinion and Order** |

Before the Court is Plaintiff First Acceptance Insurance Company, Inc.'s ("First Acceptance") motion to dismiss Defendant Bonnie Frye's, individually and as the personal representative of the estate of Michael Weaver ("Frye"), counterclaims pursuant to Rule 12(b)(6), Fed. R. Civ. P. (ECF No. 16.) For the reasons set forth below, the Court grants First Acceptance's motion.

## **BACKGROUND**

On September 20, 2023, First Acceptance filed a declaratory judgment action in this Court. (ECF No. 1.) According to the complaint, it issued a personal auto policy to Pamela Gadson-Marable with effective dates of March 3, 2022, to September 3, 2023. (*Id.* ¶ 8.) The complaint alleges, upon information and belief, that:

- on March 10, 2022, Michael Weaver was walking across a road in Charleston, South Carolina, when he was struck by vehicle driven by Dnard Gadson and owned by his girlfriend, Kaya Sheppard;

- pedestrian Michael Weaver was pronounced dead at the scene;

- Bonnie Frye, Michael Weaver's wife, was with him at the time of the collision and witnessed his death; and

- Dnard Gadson was not a resident of Pamela Gadson-Marable's household and had driven the vehicle involved in the collision at least seven times in the immediately preceding ninety days.

(*Id.* ¶¶ 11-16.) First Acceptance claims that Dnard has not been cooperative and has failed to respond to its attempts to contact him. (*Id.* ¶ 17.) According to the complaint, Frye has submitted a claim under the policy. (*Id.* ¶ 20.)

In Frye's amended answer and counterclaim to the complaint, she asserts the following counterclaims against First Acceptance: (1) negligence and gross negligence; (2) bad faith refusal to pay benefits; (3) "unfair trade practices"; (4) breach of contract; and (5) "improper claims practices." (ECF No. 9.)

First Acceptance filed a motion to dismiss all counterclaims asserted against it. (ECF No. 16.) Frye filed a response in opposition, (ECF No. 19), and First Acceptance filed a reply. (ECF No. 20.)

First Acceptance's motion is fully briefed and ripe for disposition.

## **STANDARD OF REVIEW**

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint [or counterclaim]." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The court measures the legal sufficiency by determining whether the pleading meets the Rule 8 standards for a pleading. *Id.* The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds

2

> upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the [pleader] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint [or counterclaim]." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the [pleader].'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint or counterclaim as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). At bottom, the Court is mindful that a complaint "need only give the [opposing party] fair notice of what

the claim is and the grounds upon which it rests." *Coleman v. Md. Ct. of Apps.,* 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

## DISCUSSION

Frye's amended answer and counterclaim sets forth six counterclaims against First Acceptance: (1) negligence and gross negligence; (2) bad faith refusal to pay benefits; (3) "unfair trade practices"; (4) breach of contract; (5) "improper claims practices"; and (6) "waiver and estoppel." (ECF No. 9.) Frye seeks dismissal of all counterclaims pursuant to Rule 12(b)(6), Fed. R. Civ. P. (ECF No. 16.)

**I.  Negligence / Gross Negligence and Bad Faith Claims**

Frye alleges that First Acceptance was negligent, grossly negligent, and acted in bad faith because its conduct was not in accordance with § 38-59-20,[1] which provides:

> Any of the following acts by an insurer doing accident and health insurance, property insurance, casualty insurance, surety insurance, marine insurance, or title insurance business, if committed without just cause and performed with such frequency as to indicate a general business practice, constitutes improper claim practices:
>
> > (5) Compelling policyholders or claimants, including third-party claimants under liability policies, to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies by offering substantially less than the amounts ultimately recovered through suits brought by the claimants or through settlements with their attorneys employed as the result of the inability of the claimants to effect reasonable settlements with the insurers.

S.C. Code Ann. § 38-59-20. In its motion, First Acceptance argues that these claims must be dismissed because South Carolina does not permit direct actions, nor does it recognize third-party bad faith claims. (ECF No. 16-1 at 3-4.)

---

[1] ECF No. 9 ¶¶ 66(a)-(f), 72(a)-(f).

"[D]irect actions [by liability claimants] against insurers contravene the common law." *Thibault v. Cleland*, 363 S.E.2d 114, 115 (Ct. App. 1987) ("[A]t common law, no right to maintain a lawsuit directly against an insurer exists absent privity of contract between the claimant and the insurer."). "Under the common law, 'no privity [of contract exists] between an injured person and the tortfeasor's liability insurer, and the injured person has no right of action at law against the insurer.'" *Trancik v. USAA Ins. Co.*, 581 S.E.2d 858, 861 (Ct. App. 2003) (quoting 44 Am. Jur. 2d Insurance § 1445 (1982)); *Swinton v. Chubb & Son, Inc.*, 320 S.E.2d 495, 497 (Ct. App. 1984) (affirming dismissal of third-party claimant's suit against tortfeasor's liability insurer and noting if the plaintiff's theory was accepted, "the courts would be potentially besieged with . . . suits in every instance in which or whenever third party claimants, rightly or wrongly, disagreed with adjusters over the handling or settlement of claims against their insureds"); *Kennedy v. Henderson*, 346 S.E.2d 526, 528 (S.C. 1986) ("Under the laws of South Carolina, no cause of action exists against an insurer for negligence in failing to determine coverage or adjust a third party claim against the insured under an insurance policy.").

The Court finds that Frye's negligence / gross negligence and bad faith counterclaims against First Acceptance are subject to dismissal. "In South Carolina, no right to maintain suit directly against an insurance company exists absent privity of contract between the claimant and the insured." *Glover v. Geico Indem. Ins. Co.*, No. 2:14-CV-02348-RMG, 2014 WL 12538155, at *1 (D.S.C. Dec. 30, 2014). Here, no privity is alleged to exist between Frye and First Acceptance. Nor has Frye cited a statute which expressly authorizes that Frye can bring this action against First Acceptance. *See S. C. Dep't of Health & Envtl. Control v. Commerce & Indus. Ins. Co.*, 372 F.3d 245, 259 (4th

5

Cir. 2004) ("A direct action against an insurer cannot be maintained under South Carolina law unless one of two criteria is satisfied: (1) privity of contract between the claimant and the insurer; or (2) an express statutory grant of the right to restitution."); *Snyder v. State Farm Mut. Auto. Ins. Co.*, 586 F. Supp. 2d 453, 462 (D.S.C. 2008) (stating that "[f]or plaintiff to base his claim of negligence and gross negligence on [§ 39-59-20] misunderstands the purpose of this law").

Moreover, South Carolina has never extended the concept of an "insured" to include parties whose rights arise from the contract between the first party insured and the insurer. Rather, our courts have repeatedly held that you must be the named insured to recover for bad faith refusal to pay benefits, with one exception inapplicable here.[2] *Kleckley v. Nw. Nat. Cas. Co.*, 526 S.E.2d 218, 219 (S.C. 2000) (rejecting plaintiff's claim that she is an "injured person" within the meaning of the insurance policy and holding that denying plaintiff's bad faith claim "is in line with established South Carolina precedent because she is a third party to the insurance contract . . . , and not a named insured").

Accordingly, the Court dismisses Frye's negligence / gross negligence and bad faith refusal to pay benefits counterclaims.

## II. Breach of Contract Claim

Frye also asserts a breach of contract counterclaim against First Acceptance. First Acceptance argues that this claim must be dismissed because Frye has failed to allege any contract between herself and First Acceptance, and she is not in privity to, nor a direct

---

[2] *See Ateyeh v. Volkswagen of Florence, Inc.*, 341 S.E.2d 378 (1986) (allowing a widow who brought a bad faith refusal to pay benefits action against her spouse's employer and health insurance carrier based upon a finding that the necessaries doctrine allowed her to stand in a derivative policyholder position).

6

beneficiary of, the insurance contract issued by First Acceptance to its insured, Pamela Gadson-Marable.

In support of this counterclaim, Frye alleges in conclusory fashion that she "is a third-party beneficiary of the contract between First Acceptance and its insured." (ECF No. 9 ¶ 61.) However, it is evident from her remaining allegations that Frye is an *incidental* third-party beneficiary of this contract – "[t]he insured and carrier created a contract for insurance to cover bodily injury claims by operation of the vehicle involved in the wreck, including the type of claim brought by Defendant Frye." (*Id.* ¶ 60.) As noted, Frye does not allege that she is a party to the insurance contract but that she has "brought claims resulting from the "wreck caused by [First Acceptance]'s insured. (*Id.* ¶¶ 57, 59.) Pursuant to South Carolina law, however, Frye cannot – as a third party who is not a party to the insurance contract – bring a claim against First Acceptance to enforce the policy. *See Garrett v. Bromell*, No. 5:16-CV-02888-JMC, 2017 WL 4296432, at *3 (D.S.C. Sept. 28, 2017) (noting that plaintiff "has not pled that he is party to the insurance policy (contract), only that he filed a claim stemming from the collision under the policy," and holding that, as a third-party "who is not a party to an insurance contract, [plaintiff] cannot sue an insurer to enforce the contract" under South Carolina law.) Accordingly, the Court dismisses Frye's breach of contract counterclaim based on First Acceptance's alleged failure to provide Frye benefits under the policy.

### III. Claims Under the Insurance Trade Practices Act and Claims Practices Act

In her third and fifth counterclaims, respectively, Frye asserts that First Acceptance "made misrepresentations in adjustment of [her] claim, in violation of The Insurance Trade Practices Act, South Carolina Code of Laws, § 38-57-10, as amended" and, by refusing

to pay her legitimate claim, "violated the S.C. Code of Laws, 1976, as amended, Section 38-59-20, et seq., Improper Claims Practices." (ECF No. 9 at 7-8.) First Acceptance argues that these claims are subject to dismissal because these statutes do not create private causes of action.

In response, Frye concedes that she cannot bring these claims. (ECF No. 19 at 6.) Indeed, South Carolina law is clear that these statutes do not create private causes of action. *See Masterclean, Inc. v. Star Ins. Co.*, 556 S.E.2d at 371, 377 (S.C. 2001); *Lewis v. Omni Indemnity Co.*, 970 F. Supp. 2d 437, 451-52 (D.S.C. 2013); *Gaskins v. Southern Farm Bureau Cas. Ins. Co.,* 343 S.C. 666, 541 S.E.2d 269 (Ct. App. 2000); *DTG Operations, Inc. v. Robinson,* No. 4:10-CV-02750-RBH, 2011 WL 13079931, at *5 (D.S.C. May 5, 2011). Accordingly, the Court dismisses Frye's third and fifth counterclaims.

## IV.    Waiver and Estoppel

In her sixth and final counterclaim, captioned "waiver and estoppel," Frye alleges that First Acceptance, "due to their [sic] improperly investigating, evaluating, and processing the policies of insurance due and owing to the Defendant, has waived any right and defense to denying the claims." (ECF No. 9 ¶ 85.) Plaintiff does not elaborate upon the bases for her alleged claim of waiver and estoppel.

First Acceptance argues that this claim fails because "(1) coverage cannot be created by waiver or estoppel; (2) Frye lacks standing to assert waiver or estoppel against first Acceptance; (3) Frye fails to plead facts necessary to establish waiver or estoppel; and (4) estoppel cannot be used to avoid the plain language of a written argument." (ECF No. 16-1 at 3.)

Waiver is the principle that a party cannot explicitly relinquish a right and then reassert it at a later time. Estoppel occurs when a party misrepresents material facts to the detrimental reliance of the other party. Here, Frye has simply not made any sufficient allegations of waiver of a right owed by First Acceptance to Frye or allegations of such misrepresentations of material facts anywhere in her amended answer and counterclaim. And, upon review, the Court finds no response to First Acceptance's arguments for dismissal in Frye's response in opposition, indicating that she has abandoned this counterclaim. *Ludwick v. Urb. Nirvana, LLC,* No. 223CV03372BHHMHC, 2023 WL 9065095, at *6 (D.S.C. Dec. 12, 2023) (finding that plaintiff has abandoned one of her claims by failing to make any argument in her response in opposition to motion to dismiss or in her sur-reply), *report and recommendation adopted*, No. CV 2:23-3372-BHH, 2024 WL 38739 (D.S.C. Jan. 3, 2024); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (considering motion to dismiss and finding that "[b]y her failure to respond to this argument, the plaintiff abandons . . . [the] claim"). Accordingly, the Court dismisses Frye's counterclaim against First Acceptance for "waiver and estoppel."

## CONCLUSION

For the reasons set forth above, the Court **grants** First Acceptance's motion to dismiss, (ECF No. 16), and **dismisses** Frye's counterclaims.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

August 14, 2024
Charleston, South Carolina